IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 05-31587-CMB |
| DESPINA SMALIS, | Chapter 7 |
|     Debtor. | |
| ERNEST SMALIS, | |
| | Adversary No. 15-2174-CMB |
|     Plaintiff, | |
| v. | |
| HUNTINGTON BANK AND ITS PREDECESSORS-IN-INTEREST PA CAPITAL BANK, THREE RIVERS BANK AND SKY BANK, | Related to Doc. Nos. 53, 55 & 67 |
|     Defendants. | |

## MEMORANDUM OPINION

The above-captioned adversary proceeding was commenced by Ernest Smalis, the former spouse of the Debtor, Despina Smalis. Upon review of Mr. Smalis' *Adversary Complaint* ("Complaint"), this Court issued an Order setting a hearing and advising that, at that time, the Court may dismiss the Complaint and/or impose sanctions on Mr. Smalis for the reasons set forth therein. Also pending before the Court are two motions filed by the Defendants: (1) *Defendants' Motion to Dismiss* ("Motion to Dismiss") and (2) *Defendants' Motion to Hold Plaintiff in Contempt of Court and for Sanctions* ("Motion for Sanctions"). Mr. Smalis not only filed responses to the motions; he also filed *Plaintiff's Motion to Vacate Judgment Order Pursuant to Rule 60. Relief from Judgment and Consent Order* ("Motion to Vacate"). Ultimately, a hearing was held on these matters on July 26, 2016. For the reasons stated herein, the Complaint will be

1

dismissed and Mr. Smalis will be enjoined from further filings related to this bankruptcy case unless he first obtains permission from this Court.

## **Background and Procedural History**[1]

The above-captioned bankruptcy case was commenced by Despina Smalis on September 2, 2005, by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Within Debtor's Schedule A, she identified her interest in numerous properties, including 3224 Boulevard of the Allies, Pittsburgh, Pennsylvania (hereinafter, the "Property"). At that time, the Property was co-owned by the Debtor, Mr. Smalis, and their two children. The Property was ultimately sold in 2006 by the Trustee in this bankruptcy case, and a distribution was made to Mr. Smalis as a co-owner. *See* Report of Sale, Adv. No. 05-3308, Doc. No. 23. Nonetheless, the Property has been the subject of numerous filings by Mr. Smalis prior to and after the sale.

Adversary Proceeding 05-3325

Prior to the sale, on November 29, 2005, Mr. Smalis commenced an adversary proceeding naming Labrisa Lofts, L.P. ("Labrisa Lofts") and Pennsylvania Capital Bank and its successors, Three Rivers Bank and Sky Bank, among others, as defendants. *See* Adv. No. 05-3325 (hereinafter, the "Initial Proceeding"). The underlying dispute related to a foreclosure action commenced by Labrisa Lofts in the Court of Common Pleas of Allegheny County with respect to the Property. According to Mr. Smalis, the note and mortgage, originally with Pennsylvania Capital Bank, were ultimately assigned to Labrisa Lofts despite the fact that payment had previously been made in full. Notwithstanding this contention, a verdict was

---

[1] The matters presently pending before the Court are related to and inseparable from prior proceedings. Therefore, this Court takes judicial notice of the related proceedings and will cite to the record of the bankruptcy case and other adversary proceedings as relevant throughout this Opinion. However, unless otherwise noted, the citations herein are to the docket of the instant proceeding.

entered in favor of Labrisa Lofts in 2003 in state court. Mr. Smalis' efforts to appeal to the Pennsylvania Superior Court and then the Pennsylvania Supreme Court were unsuccessful.

Notwithstanding the foregoing, Mr. Smalis commenced the Initial Proceeding alleging that the defendants obtained judgment against him through fraud rendering said judgment void. *See* Adv. No. 05-3325, Doc. No. 1, at 1-2. Specifically, the complaint identified the following thirteen causes of action relating to the Property:

1. Violation of Article 9 of the Uniform Commercial Code;
2. Violation of rights protected by the 14th Amendment of the United States Constitution for deprivation of property without Due Process of Law;
3. Violation of the protections afforded by the 14th Amendment of the United States Constitution guaranteeing to all persons Equal Protection under the Law;
4. Violation of the Truth in Lending Act due to failure to make accurate disclosures and disposition of monies paid toward the principal of the mortgage;
5. Violation of the Real Estate Settlement Procedures Act by illegally routing monies paid to satisfy the mortgage;
6. Violation of the Racketeer Influenced and Corrupt Organizations Act;
7. Common law fraud;
8. Fraudulent transactions pursuant to 28 U.S.C. §2410;
9. Violation of the Fair Debt Collection Practices Act and Consumer Credit Protection Act due to illegal debt collection practices;
10. Violation of 12 U.S.C. §91 due to wrongful foreclosure;
11. Violation of 21 P.S. §681 for failure to satisfy a mortgage;
12. Violation of 42 Pa.C.S. §8104 for breach of duty by judgment creditor to enter satisfaction of judgment; and
13. Common law assumpsit/trespass and breach of contract.[2]

Although the Initial Proceeding was commenced by Mr. Smalis pro se, Robert Lampl, Esq., subsequently entered his appearance as counsel for Mr. Smalis. Following the filing of answers and motions to dismiss, a Consent Order of Court ("Consent Order") was entered on May 19, 2006, resolving the matter. Attorney Lampl signed the Consent Order on behalf of Mr. Smalis.

---

[2] *See* Adv. No. 05-3325, Doc. No. 1, ¶¶12-24. The list stated herein is simply a summary of the causes of action identified by Mr. Smalis in his complaint. The Court makes no findings regarding the correctness of Mr. Smalis' citations to statutes or the applicability of the various statutes and/or causes of action in general to the allegations contained within that complaint.

According to the Consent Order, the proceeding was "fully and finally SETTLED AND DISCONTINUED WITH PREJUDICE . . . ." *See* Adv. No. 05-3325, Doc. No. 34. The Consent Order further provided as follows:

> That with the settlement and discontinuance with prejudice of Adversary Proceeding 05-03325-BM, and with entry of this CONSENT ORDER, the Debtor, Co-Owners Ernest Smalis, Maria Smalis Sfanos and Michael Smalis, their heirs, administrators, agents, successors and assigns, the Trustee, LaBrisa Lofts, L.P., its predecessors, successors, agents, attorneys and assigns, Pennsylvania Capital Bank and its successors, Three Rivers Bank and Sky Bank, their Attorney and Agents, Joseph Augustine, V.P. Sky Bank, and Vince Zappa, Esquire, HEREBY RELEASE each other from each and every claim which they have or may have had against each other regarding the Mortgage and Note recorded in the Recorder's Office of Allegheny County Pennsylvania at MBV. 13523, page 546, and Assigned to LaBrisa Lofts, L.P., and regarding or in any way relating to any and all documentation concerning the subject property, said Mortgage, Note and/or Assignment and regarding any and all litigation surrounding said Mortgage, Note and /or Assignment whether in state or federal court or any other jurisdiction.

*Id*. The Consent Order also provided for the distribution of funds by the Trustee to the General Partner of Labrisa Lofts, and the Trustee's Report of Sale dated August 8, 2006, identifies a disbursement paying off the mortgage. *See* Adv. No. 05-3308, Doc. No. 23. Although the Initial Proceeding has remained closed since the filing of the Consent Order in 2006, this Court has addressed the Consent Order on prior occasions due to Mr. Smalis' subsequent filings.

<u>Adversary Proceeding 13-2362</u>

In 2013, Mr. Smalis commenced another adversary proceeding alleging violations of the Racketeer Influenced and Corrupt Organizations Act. Within that proceeding, Mr. Smalis contended once again that the mortgage on the Property was paid in full and further that he was never given the opportunity to litigate these issues in the Initial Proceeding. *See* Adv. No. 13-2362, Doc. No. 64. Although Mr. Smalis asserted that the Initial Proceeding was settled without his permission, this Court found that Mr. Smalis was aware of and authorized settlement:

> [Mr. Smalis'] assertion that he was not aware of the resolution of Adversary Proceeding 05-3325 until 2014 is not credible based on his past involvement. Furthermore, based upon a review of the docket, the Consent Order of Court dated May 19, 2006, resolving the adversary proceeding was served through the Bankruptcy Noticing Center on Ernest Smalis by first class mail on May 21, 2006, at "FH5830, PO Box 1000, Houtzdale, PA 16698-1000." *See* Adv. No. 05-3325, Doc. No. 36. This is the same address provided by Mr. Smalis himself on his pro se Complaint commencing [Adversary Proceeding 05-3325].

*See* Memorandum Order dated March 3, 2014, Adv. No. 13-2362, Doc. No. 89. Although Mr. Smalis sought reconsideration of the Court's decision with respect to this matter, reconsideration was denied. *See* Memorandum Order dated April 10, 2014, Adv. No. 13-2362, Doc. No. 103. Thereafter, Mr. Smalis filed an appeal. On appeal, the District Court affirmed this Court's Orders and observed that ". . . Appellant's primary goal in filing his numerous motions, including his Motion to Reconsider and the appeal thereof, is to collaterally attack the determinations of other judicial and administrative bodies that were never within the jurisdiction of Judge Böhm." *See* Memorandum Order dated February 13, 2015, Adv. No. 13-2362, Doc. No. 147, at 6.

<u>Adversary Proceeding 15-2174</u>

Not to be deterred by prior orders, the above-captioned adversary proceeding was commenced by Mr. Smalis on August 31, 2015. Therein, Mr. Smalis recites a number of allegations which he has raised previously. In fact, the causes of action identified in this Complaint are nearly identical to those set forth in his complaint in the Initial Proceeding. Based on this Court's extensive familiarity with this case and the record, on September 16, 2015, this Court entered an Order setting a hearing and advising that the Complaint may be dismissed at that time for the reasons set forth therein. In particular, the Order directed as follows:

> The parties shall be prepared to address the following issues at the Hearing: (1) whether this Court has subject matter jurisdiction over this dispute among non-debtors; (2) whether the dispute was resolved by prior orders, including a consent order; (3) the potential applicability of res judicata and/or collateral estoppel; (4) whether the imposition of sanctions upon Mr. Smalis is appropriate in the event

5

>   that the filing of the Complaint is determined to be a violation of Fed.R.Bankr.P. 9011; and (5) whether an injunction barring any future filings by Mr. Smalis related to the above-captioned bankruptcy case is appropriate due to what appears to be a pattern of repetitive, voluminous filings without regard to the finality of prior Orders.

*See* Doc. No. 14. Prior to the hearing on these issues, Mr. Smalis sought withdrawal of the reference. That request was ultimately denied by the District Court on April 26, 2016. Thereafter, this Court issued an Order setting a new answer deadline for Defendants and resetting the previously scheduled hearing to address potential dismissal and imposition of sanctions. The Defendants filed the Motion to Dismiss, accompanied by a brief in support, and the Motion for Sanctions. Mr. Smalis responded to both motions and filed the Motion to Vacate on July 21, 2016. Argument on all matters was heard on July 26, 2016. At the conclusion of the hearing, the matters were taken under advisement.

## Analysis

Dismissal of the Complaint

Defendants seek dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (6) made applicable to adversary proceedings by Fed.R.Bankr.P. 7012. Within their *Brief in Support of Defendants' Motion to Dismiss*, the Defendants raise a number of grounds in support of their request for dismissal with prejudice, including this Court's lack of subject matter jurisdiction over the Complaint, the applicability of the Rooker-Feldman doctrine,[3] *res judicata*, collateral estoppel,

---

[3] As pointed out previously in this case, the Honorable Judith K. Fitzgerald raised the applicability of the Rooker-Feldman doctrine in Mr. Smalis' own prior bankruptcy case. *See* Memorandum Order, Adv. No. 13-2362, Doc. No. 89, at 4, n.1 (citing to the Memorandum Order dated August 16, 2005, Case No. 05-71395, Doc. No. 29). *See also Ogilvie v. Nationstar Mortg. LLC* (*In re Ogilvie*), 533 B.R. 460, 466 (Bankr.M.D.Pa. 2015) ("Numerous decisions have held that an allegation that there was no right to foreclose essentially attacks the underlying state court judgment of foreclosure.") Nonetheless, Mr. Smalis vociferously opposes the applicability of the Rooker-Feldman doctrine to his Complaint. This Court need not look beyond its own Consent Order, however, to resolve this proceeding.

and various statutes of limitations.[4] The Court need not address all of the issues raised by Defendants in order to resolve the Motion to Dismiss.

The Court begins by assessing its subject matter jurisdiction. Upon first review, it may appear that this Court lacks subject matter jurisdiction as the Debtor is not a party to this proceeding and the Complaint was filed solely to benefit Mr. Smalis. However, Mr. Smalis identifies essentially the same causes of action as in the Initial Proceeding despite the fact that said proceeding was fully and finally resolved by the Consent Order over **ten years** ago.[5] In apparent recognition of the Consent Order acting as a roadblock to his relief, Mr. Smalis contends that the Consent Order was signed without his authority. As the relief sought by Mr. Smalis is interwoven with and inseparable from Orders of this Court, this proceeding falls squarely within this Court's jurisdiction to interpret and enforce its Orders. *See Falck Props., LLC v. Parkvale Fin. Corp.* (*In re Brownsville Prop. Corp.*), 469 B.R. 216, 223 (Bankr.W.D.Pa. 2012). The subsequent filing of the Motion to Vacate further confirms that Mr. Smalis seeks to revive claims he pursued in the Initial Proceeding and evade the Consent Order and subsequent Orders of Court. Accordingly, as acknowledged on the record at the hearing on July 26, 2016, the Motion to Vacate is inextricably intertwined with Mr. Smalis' ability to pursue his Complaint

---

[4] Notably, the District Court identified several weaknesses of the Complaint within its Memorandum Order dated April 26, 2016, denying Mr. Smalis' motion to withdraw the reference. *See* Doc. No. 44, at 4-5 (addressing Mr. Smalis' failure to provide support for a finding that the TILA and/or RESPA claims are timely; Mr. Smalis' failure to allege facts in support of his conclusion that Defendants are debt collectors under the FDCPA; and the fact that Defendants are not state actors for purposes of Mr. Smalis' claim of deprivation of due process under the Fourteenth Amendment).

[5] In fact, Mr. Smalis not only refers to the Initial Proceeding within the Complaint, he attaches the former complaint and the exhibits thereto.

and must be addressed herein as enforcement of the Consent Order would resolve this adversary proceeding.[6]

Within the Motion to Vacate, Mr. Smalis contends that the Consent Order should be vacated pursuant to Fed.R.Civ.P. 60(b)(1), (2), (3), (4), and (6), made applicable to bankruptcy cases by Fed.R.Bankr.P. 9024. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed.R.Civ.P. 60(c)(1). As the Consent Order was entered more than ten years before the Motion to Vacate was filed, Mr. Smalis cannot obtain relief under Fed.R.Civ.P. 60(b)(1), (2), or (3). With respect to Fed.R.Civ.P. 60(b)(4) and (6), Mr. Smalis must have sought relief "within a reasonable time." Based upon the record, Mr. Smalis is unable to establish that he acted within a reasonable time.

As an excuse for the ten-year delay, Mr. Smalis asserts that he did not receive notice of the Consent Order when it was entered. Mr. Smalis previously raised this argument in other proceedings, and this Court found that notice was sent to the address Mr. Smalis provided to the Court. *See* Memorandum Order, Adv. No. 13-2362, Doc. No. 89. Mr. Smalis provides no explanation for his failure to promptly update his address.[7] Furthermore, as acknowledged by

---

[6] Significantly, the Consent Order was entered in the Initial Proceeding in which the Debtor and Trustee were named as defendants. At that time, the Property was property of the estate. As this Court has repeated on numerous occasions, *at this time*, there is nothing further to administer for the benefit of creditors. The case remains open only due to Mr. Smalis' incessant, frivolous filings. But for the enforcement of prior Orders, this Court would lack subject matter jurisdiction resulting in dismissal on that basis.

[7] Although Mr. Smalis asserts that an untimely proof of claim dated October 30, 2006, reflects his change of address to SRCF Mercer, that document was not filed until months after the Consent Order was entered and the Initial Proceeding was resolved. As previously observed, ". . . Mr. Smalis' alleged failure to receive notices . . . appears to be the result of his own failure to promptly advise of his transfer." *See* Memorandum Opinion dated June 12, 2015, Adv. No. 14-2075, Doc. No. 77, at 5, n.3.

Mr. Smalis, he was clearly aware of the Consent Order at least as of 2012.[8] Mr. Smalis' failure to act until 2016 cannot be deemed reasonable.

Moreover, given the record of this bankruptcy case and related adversary proceedings, Mr. Smalis fails to sufficiently allege any basis upon which relief under Fed.R.Civ.P. 60(b) would be appropriate. Mr. Smalis asserts that he cannot be bound by the Consent Order as Attorney Lampl did not have authority to sign on his behalf. Mr. Smalis previously raised this argument in his *Motion for Sanctions Against Robert O Lampl for Misleading the Court* filed in Adversary Proceeding 13-2362 on January 16, 2014. An evidentiary hearing was held to provide Mr. Smalis with a full and fair opportunity to present any and all evidence in support of his allegations. Thereafter, this Court issued a Memorandum Order denying Mr. Smalis' request for the imposition of sanctions against Attorney Lampl. Specifically, this Court found that Attorney Lampl "credibly represented to the Court that matters were settled with Mr. Smalis' authorization while Mr. Smalis was cooperating with his son, Michael Smalis." *See* Memorandum Order, Adv. No. 13-2362, Doc. No. 89, at 4. Mr. Smalis then sought reconsideration of the Court's decision. That too was denied by a Memorandum Order dated April 10, 2014, in which the Court found as follows:

> In addition to seeking reconsideration of the denial of sanctions against Attorney Lampl, Mr. Smalis also seeks to recommence Adversary Proceeding 05-3325. That adversary proceeding was closed on May 19, 2006, based upon a Consent Order signed by Attorney Lampl on behalf of Ernest Smalis. It is that Consent Order that Mr. Smalis contends was executed on his behalf without his authority. Mr. Smalis alleges, but does not demonstrate, the existence of new evidence for the purpose of reconsideration. Mr. Smalis provides no new evidence or arguments with respect to his request for imposition of sanctions against Attorney Lampl pursuant to Fed.R.Bankr.P. 9011, and he provides no basis upon which the adversary proceeding should be recommenced. This Court's denial of the Motion for Sanctions was based upon a review of the evidence, consideration of the

---

[8] *See Plaintiff's Response to Defendants' Motion to Hold Plaintiff in Contempt and for Sanctions*, Doc. No. 65, at 11 ("Plaintiff was never aware of the Consent Order until 2012 when plaintiff file[d] Adversary No. 12-2140.").

9

>parties' arguments, and assessments of credibility. Mr. Smalis' unsubstantiated, conclusory allegations do not constitute evidence.

*See* Memorandum Order, Adv. No. 13-2362, Doc. No. 103, at 3. Mr. Smalis pursued an appeal; however, this Court's Orders were affirmed. *See* Adv. No. 13-2362, Doc. Nos. 147 and 148. As such, Attorney Lampl's authority to sign the Consent Order was long ago resolved. Accordingly, Mr. Smalis has not met his burden to establish grounds to vacate the Consent Order. The Motion to Vacate must be denied, and the Consent Order is enforceable.[9]

As the Consent Order remains in full force and effect, the Court considers Defendants' contention that claim preclusion requires dismissal of the Complaint. Significantly, "[t]he defense of claim preclusion . . . may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision." *Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F.App'x 36, 38 (3d Cir. 2008). Claim preclusion prevents the relitigation of claims after a final judgment has been entered in the prior proceeding between the same parties,[10] and "[j]udicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion." *Id.* All claims for relief arising out of one transaction or occurrence must be brought in one suit. *See id*. Claim preclusion applies in this proceeding as the factual basis and causes of action are essentially the same as those in the Initial Proceeding.

Furthermore, the Complaint is an obvious attempt to continue to litigate issues surrounding the mortgage and note on the Property. Accordingly, the pursuit of the Complaint is barred by the broad release provisions of the Consent Order. For the foregoing reasons, the

---

[9] Notably, the Honorable Bernard Markovitz, to whom this case was previously assigned, concluded that Attorney Lampl had the authority to sign on behalf of Mr. Smalis as Judge Markovitz entered the Consent Order.

[10] Pennsylvania Capital Bank, Three Rivers Bank, and Sky Bank were named as defendants in this and the Initial Proceeding. In addition, in this proceeding, Huntington Bank "is sued as successor of banks, Pa Capital Bank, Three Rivers Bank, Sky Bank . . . ." *See* Complaint, at ¶9.

Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) as Mr. Smalis fails to state a claim upon which relief can be granted. Moreover, dismissal with prejudice is clearly appropriate as the Complaint constitutes a frivolous, baseless filing consistent with Mr. Smalis' pattern in this case. Having resolved the Motion to Dismiss, this Court turns to the Motion for Sanctions.

<u>Sanctions and Imposition of Injunction</u>

Within the Motion for Sanctions, Defendants assert that Mr. Smalis is in contempt of Court based upon his clear violation of the Consent Order. This Court agrees and so finds. The Consent Order is a valid court order. Mr. Smalis was clearly aware of the existence of the Consent Order long before he commenced this adversary proceeding, and he violated the Consent Order by disregarding the broad releases set forth therein. Based upon the foregoing and the Court's inherent authority to impose sanctions, Defendants seek an injunction, barring any future filings by Mr. Smalis related to this bankruptcy case, and the imposition of monetary sanctions in the form of attorneys' fees and other expenses incurred as a result of the filing of the Complaint. The Court begins by considering the request for an injunction.

In order to restrict the filing of meritless pleadings, a court may issue an appropriate injunction. *See Kovalchick v. Dolbin* (*In re Kovalchick*), 371 B.R. 54, 60-61 (Bankr.M.D.Pa. 2006). An injunction, however, is an extreme remedy. *Id.* At 61. Accordingly, an opportunity to respond must be provided first. *Id.* Upon finding a continuous pattern of abusive litigation, a narrowly tailored injunction is appropriate. *Id.* With this guidance in mind, the Court examines the record of this bankruptcy case and the related adversary proceedings.

In this particular proceeding, Mr. Smalis was clearly provided advance notice and an opportunity to respond to a potential injunction. Shortly after filing the Complaint, the Court issued an Order on September 16, 2015, scheduling a hearing and advising that Mr. Smalis

11

should be prepared to address, *inter alia*, "whether an injunction barring any future filings by Mr. Smalis related to the above-captioned bankruptcy case is appropriate due to what appears to be a pattern of repetitive, voluminous filings without regard to the finality of prior Orders." *See* Doc. No. 14. Within that Order, the Court set forth the reasons why an injunction was being considered. The warning was **repeated** in later scheduling orders; accordingly, Mr. Smalis was provided with notice of a potential injunction **numerous** times. *See* Doc. Nos. 46 and 58. In addition, Mr. Smalis was also provided an opportunity to respond to the Motion for Sanctions and the request for an injunction set forth therein. Having established that notice and an opportunity to respond were provided to Mr. Smalis, this Court next examines Mr. Smalis' litigious conduct in this case.

Mr. Smalis has treated the reopening of the bankruptcy case as an invitation to file various pleadings without regard to the subject matter jurisdiction of this Court, prior resolutions of matters, and proceedings pending in other courts. As this Court has previously observed, "[t]his bankruptcy case remains open only due to the continuous and often duplicative filings by Mr. Smalis." *See* Memorandum Opinion, Adv. No. 15-2182, Doc. No. 66, at 6-7. Following rulings by this Court, Mr. Smalis routinely files baseless motions for reconsideration.[11] In addition, Mr. Smalis has pursued a number of unsuccessful appeals. As a result, the bankruptcy case has remained open despite there being no other activity in the case for years. The Court has warned Mr. Smalis on multiple occasions of the potential for sanctions, including an injunction

---

[11] For example, in Adversary No. 15-2182, Mr. Smalis filed multiple motions for reconsideration: *Motion for Reconsideration in Request to Wave* [sic] *Filling* [sic] *Fees to File In Forma Pauperis* (Doc. No. 14); *Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure Rule 59(e) and Newly Discovered Evidence* (Doc. No. 26); *Motion for Reconsideration from Order of Court and Memorandum Order Dated April 25th 2016* (Doc. No. 72); and *Motion for Consideration to Strike a Defective and Void Order on Nwley* [sic] *Discovered Evidence Pursuant to Fed.R.Civ.P. 60(b)* (Doc. No. 76).

12

on future filings, due to a continuous pattern of groundless and vexatious litigation.[12] Nonetheless, Mr. Smalis continues in this pattern undeterred.

In March of 2015, Mr. Smalis filed a motion seeking permission to commence an action against the former and current Chapter 7 Trustees. On July 7, 2015, for the reasons set forth in a Memorandum Opinion, this Court denied Mr. Smalis' motion. *See* Case No. 05-31587, Doc. Nos. 236 and 237. The Court addressed Mr. Smalis' meritless, disparaging accusations and observed:

> Mr. Smalis uses the [motion] as a vehicle to raise every complaint he has voiced throughout this bankruptcy case regardless of final orders. This pattern of behavior has been observed by the District Court in its Memorandum Order dated February 13, 2015, affirming this Court's Orders denying Mr. Smalis' motion for sanctions and motion for reconsideration. *See* Adversary Proceeding 13-2362, Doc. No. 147, at 4, 6.

*See* Memorandum Opinion, Case No. 05-31587, Doc. No. 236, at 19, n.20. Within the Opinion, the Court warned that sanctions would be considered in the event that a filing is presented for an improper purpose. *Id.* at 19. Despite the foregoing, Mr. Smalis filed a motion for reconsideration, which was denied for the reasons set forth in a Memorandum Opinion dated September 14, 2015. *See* Case No. 05-31587, Doc. No. 272. Therein, the Court once again observed Mr. Smalis' pattern in this case and its related adversary proceedings:

> …[O]n a number of occasions, counsel for the Debtor has suggested imposition of an injunction prohibiting Mr. Smalis from further filings in the above-captioned bankruptcy case. The request for an injunction is set forth again in Debtor's response to the Motion for Reconsideration. Trustee Sikirica's response also includes a request for sanctions and an injunction barring Mr. Smalis from filing additional documents in this case. Although hesitant to restrict a party's access to the courts, this Court has observed a pattern of repetitive, unsubstantiated filings by Mr. Smalis. Mr. Smalis' commencement of an adversary proceeding that

---

[12]  *See, e.g.*, Memorandum Orders dated March 3, 2014 and April 10, 2014, Adv. No. 13-2362, Doc. Nos. 89 and 103; Memorandum Opinion dated July 7, 2015, Case No. 05-31587, Doc. No. 236; Memorandum Opinion dated September 14, 2015, Case No. 05-31587, Doc. No. 272; Order dated September 22, 2015, Adv. No. 15-2182, Doc. No. 13.

>appears to be duplicative of the previously settled proceeding indicates that the pattern will continue. Further concerning the Court is Mr. Smalis' statement on the record of his intention to file another adversary proceeding with respect to which the jurisdiction of this Court is highly questionable. Therefore, should this Court find that an abuse of the judicial process exists, the Court intends to issue a rule to show cause why the Court should not impose sanctions and/or enjoin Mr. Smalis from any further filings in this case.

*See id.* at 11-12 (footnotes omitted). At that time, the Court declined to sanction Mr. Smalis, opting instead for a repeated warning.

In addition, the instant proceeding is not the first time that Mr. Smalis has challenged a settlement in this case. In June of 2015, Mr. Smalis contended that the settlement he entered into with Debtor in 2012, resolving Adversary Proceeding 12-2140, should be deemed defective and void. *See* Adv. No. 12-2140, Doc. No. 40. The Court denied the request on July 7, 2015. *See* Adv. No. 12-2140, Doc. No. 43. Thereafter, Mr. Smalis sought reconsideration, which was denied for the reasons set forth in the Memorandum Opinion entered on September 15, 2015. *See* Adv. No. 12-2140, Doc. No. 62. Mr. Smalis then filed another motion essentially seeking reconsideration of the denial of his request for reconsideration. That too was denied. *See* Order, Adv. No. 12-2140, Doc. No. 67. Mr. Smalis appealed the decision to the District Court, which affirmed this Court. Although Mr. Smalis pursued his appeal to the Third Circuit, the appeal was dismissed.

Most recently, the Court addressed Mr. Smalis' complaint commenced against taxing bodies seeking a determination of real estate tax liability and recoupment of funds resulting from the alleged overpayment of taxes. *See* Memorandum Opinion, Adv. No. 15-2182, Doc. No. 66. For the reasons set forth in the Memorandum Opinion, this Court found that it lacked subject matter jurisdiction. Furthermore, the Court observed: "Mr. Smalis has raised substantially the same claims in the state court up to the Pennsylvania Supreme Court and in the District Court up

to the Third Circuit. Having been unsuccessful, Mr. Smalis appears to seek relief in this Court as a last resort." *See id.* at 8-9.[13] This approach to the legal system is Mr. Smalis' *modus operandi*.

Since the bankruptcy case was reopened, Mr. Smalis commenced several adversary proceedings. *See* Adv. Nos. 12-2140, 13-2362, 15-2174, and 15-2182. Another adversary proceeding was commenced by E. Smalis Painting Co., Inc., of which Mr. Smalis is the sole shareholder and president. *See* Adv. No. 14-2075. It appears that Mr. Smalis will incessantly file motions and commence new adversary proceedings in this case despite there being no basis to do so. As it has become apparent that Mr. Smalis will not heed the Court's warnings regarding sanctions, an injunction is appropriate and is the only remaining option.[14]

Having concluded that an injunction is appropriate and necessary, the Court must narrowly tailor the injunction to strike an appropriate balance between a party's access to the court system and the rights of others who have been subjected to the incessant, frivolous litigation. Accordingly, *with the exception of pursuing an appeal of the accompanying orders*, Mr. Smalis will not be permitted to file any motion, pleading, or other document in connection with this bankruptcy case or any related adversary proceeding without first obtaining leave of Court. Leave will not be granted in the event that the matter(s) raised have been previously resolved and/or this Court does not possess subject matter jurisdiction. Any motion for leave to file may be reviewed by the Court and resolved without a hearing. Failure to comply with the Court's procedure will result in the filing being denied and the imposition of monetary sanctions.

---

[13]   Mr. Smalis appealed the decision to the District Court and that appeal remains pending as of this date.

[14]   Notably, this is not the first time that Mr. Smalis has been enjoined from filing. In Mr. Smalis' own bankruptcy case, the Honorable Judith K. Fitzgerald issued an injunction prohibiting Mr. Smalis from filing a bankruptcy petition for a period of two years. *See* Case No. 05-71395, Doc. Nos. 16 & 29. The Court notes that Mr. Smalis attached the docket of the prior bankruptcy case as Exhibit D to his Complaint.

Should the Court determine that Mr. Smalis is seeking leave to pursue an action that is frivolous and/or meritless on its face, the Court will consider the imposition of a sanction in the amount of $10,000.00.

The Court finds an injunction to be the most effective remedy and declines to impose monetary sanctions in addition to the injunction at this time. The Defendants are protected from any further abusive litigation by the broad release within the Consent Order and the imposition of the injunction. However, any further action by Mr. Smalis in violation of the Consent Order and/or the injunction will result in the imposition of monetary sanctions upon a proper motion filed by Defendants. At that time, the Court will consider **all** legal fees and expenses incurred by Defendants up to this point in this adversary proceeding in addition to future amounts related to the enforcement of the Consent Order.

## Conclusion

Based upon the foregoing, Mr. Smalis' Complaint is dismissed with prejudice. Accordingly, the adversary proceeding will be closed. Furthermore, Mr. Smalis is enjoined from filing in this bankruptcy case and its related adversary proceedings without first obtaining permission from this Court. Orders will be entered consistent with this Memorandum Opinion.

Date: August 17, 2016                                    /s/ Carlota M. Böhm
                                                         Carlota M. Böhm
                                                         United States Bankruptcy Judge

**MAIL TO:**

John R. O'Keefe, Esq. and Justin M. Tuskan, Esq.

Ernest Smalis
6652 Northumberland Street
Pittsburgh, PA 15217

FILED
8/17/16 10:02 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA